# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLIED MEDICAL SYSTEMS, LTD., <br><br> Plaintiff, <br> vs. <br><br> JIM ENGLISH, et al., <br><br> Defendants. | CASE NO. 10cv1811 BEN (BLM) <br><br> **ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS** <br><br> [Dkt. No. 15] |

## INTRODUCTION

Defendants Jim English and Tango Advanced Nutrition, Inc. have filed a Motion for Attorneys' Fees and Costs pursuant to California Code of Civil Procedure § 425.16(c)(1). (Dkt. No. 15.) The Court previously granted Defendants' motion to strike Plaintiff's state law claims pursuant to § 425.16.[1] Defendants seek attorneys' fees and costs pursuant to § 425.16(c). Plaintiff opposes Defendants' motion. Because Defendants prevailed on their motion to strike pursuant to § 425.16, Defendants' motion is **GRANTED.**

///

///

---

[1] In ruling on the same motion, the Court also dismissed three of Plaintiff's four federal claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

- 1 - 10cv1811

**BACKGROUND**

Plaintiff's Complaint asserts eight claims for relief, including four state law claims for trademark infringement, trademark dilution, unfair competition, and untrue misleading statements.

On November 15, 2010, Defendants moved to strike all of these claims pursuant to § 425.16. The matter was set for hearing on January 18, 2011. The Court granted the parties' joint motion to continue the hearing date to February 14, 2011. On January 31, 2011, the day before Plaintiff's Opposition to the motion to strike was due, Plaintiff offered to dismiss its claims in exchange for each party bearing its own cost and fees. (Pl.'s Mem. of P. & A. in Opp'n, Ex. A.) The next day, February 1, 2011, Plaintiff filed a "Response" to the motion that indicated that Plaintiff sought a stipulation from Defendants to dismiss this action with prejudice, but Defendants had not yet responded. (Dkt. No. 10.) Plaintiff did not dispute the merits of the motion to strike or substantively oppose the motion. (*Id.*) Defendants responded to Plaintiff's January 31, 2011 offer to dismiss on February 1, 2011and indicated that Defendants would not stipulate to dismissal unless Plaintiff agreed to pay Defendants' legal costs and fees incurred and cease use of an infringing mark. (Pl.'s Mem. of P. & A. in Opp'n, Ex. A.) On February 7, 2011, Defendants filed a Reply requesting the Court grant Defendants' motion to strike. (Dkt. No. 12.)

On March 14, 2011, the Court granted Defendants' motion, striking Plaintiff's state law claims pursuant to § 425.16.

**DISCUSSION**

Section 425.16(c)(1) provides that "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." CAL. CIV. PROC. CODE § 425.16(c)(1). "Thus, under Code of Civil Procedure section 425.16, subdivision (c), any SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001). "[D]efendants sued in federal courts can bring anti-SLAPP motions to strike state law claims and are entitled to attorneys' fees and costs when they prevail." *Verizon Delaware, Inc. v. Covad Commc'ns*, 377 F.3d 1081, 1091 (9th Cir. 2004).

Despite having prevailed on a motion to strike pursuant to § 425.16, Plaintiff argues that Defendants are not prevailing parties because: (1) Plaintiff offered to voluntarily dismiss the case in

exchange for each party bearing its own costs and fees, and (2) the Court did not analyze the merits of Defendants' motion to strike. However, neither precludes an award of costs and fees to Defendants pursuant to § 425.16.

Plaintiff's offer to dismiss its claims in exchange for each party bearing its own costs and fees while the motion to strike was pending does not preclude an award of fees and costs to Defendants. The cases Plaintiff relies on for this assertion compel the opposite conclusion. Both of the cases Plaintiff relies on involved parties that had actually dismissed their claims while a motion to strike was pending. *Moore v. Liu*, 69 Cal. App. 4th 745, 749 (3d Dist. 1999); *Coltrain v. Shewalter*, 66 Cal. App. 4th 94, 106 (4th Dist. 1998). Plaintiff could have done the same. FED. R. CIV. P. 41(a)(1)(A)(i) (a plaintiff may voluntarily dismiss an action without a court order upon the filing of "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment"). But, instead of voluntarily dismissing the claims subject to the motion to strike by notice, Plaintiff bargained for a waiver of fees that was quickly rejected. (Pl.'s Mem. of P. & A. in Opp'n, Ex. A.) Even if Plaintiff had dismissed its claims, that would not have precluded an award of fees to Defendants pursuant to § 425.16. *Moore*, 69 Cal. App. 4th at 751 (reversing lower court decision denying award of fees based on claims being dismissed before the lower court ruled on the motion to strike); *Coltrain*, 66 Cal. App. 4th at 107 (affirming trial court's "discretion to determine whether the defendant is the prevailing party" under § 425.16(c) when claims are voluntarily dismissed).

Nor does Plaintiff's offer to dismiss its claims, in exchange for each party bearing its own fees and costs eleven weeks after the motion to strike was filed make Defendants' motion to strike frivolous pursuant to § 425.16(c)(1).[2] Section 425.16(c)(1) provides that "[i]f the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion." This provision does not apply because Plaintiff did not prevail on the motion to strike. Additionally, Defendants' refusal to waive their entitlement to fees and costs to obtain voluntary dismissal of Plaintiff's claims does not constitute unnecessary delay.

---

[2] Plaintiff incorrectly cites California Code of Civil Procedure § 2516(b)(3). However, the statutory language quoted is found in § 425.16(c)(1).

Plaintiff's argument that the Court must conduct an in depth analysis of the merits of the motion to strike before awarding Defendants fees and costs as a prevailing party is equally unpersuasive. Plaintiff again relies on *Moore v. Liu*. But, as discussed above, the *Moore* Court reversed a lower court finding that a voluntary dismissal of claims before a hearing on a motion to strike automatically precluded an award of fees. *Moore*, 69 Cal. App. 4th at 751. Here, Plaintiff never voluntarily dismissed any claims and when given ample opportunity to oppose Defendants' motion to strike — eleven weeks — Plaintiff failed to file any substantive opposition to the motion to strike. Even if Plaintiff had actually dismissed its claims, that itself would have given rise to a presumption "that *defendants* were the prevailing parties." *Coltrain*, 66 Cal. App. 4th at 107 (emphasis added). That presumption would not have been overcome by Plaintiff's stated reason for seeking a stipulation to dismiss — financial considerations. *Id.* (finding a claim that dismissal was based on plaintiffs running out of money "would only confirm that defendants were the prevailing parties on the motion to strike").

Because Plaintiff did not voluntarily dismiss its claims, did not oppose Defendants' motion to strike, and, most importantly, the Defendants' motion to strike was granted, the Court finds that Defendants are the prevailing parties pursuant to § 425.16(c)(1) and awards fees of $11,834.00[3] and costs of $876.59.

## CONCLUSION

Defendants' Motion for Fees and Costs is **GRANTED**. Defendants are awarded $11,834.00 in fees and $876.59 in costs and expenses pursuant to § 425.16(c)(1).

**IT IS SO ORDERED.**

DATED: December 9, 2011

Hon. Roger T. Benitez
United States District Judge

---

[3]Defendants' attorneys' fees request includes time for a hearing on this motion. However, the Court took the motion under submission on the papers and vacated the hearing. The Court has reduced the fee award accordingly.